UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:21-cv-08310-JFW-PD                                    Date: February 4, 2022

Title      *Catherine Alcantara v. Los Angeles Police Department*

Present: The Honorable:  Patricia Donahue, United States Magistrate Judge

| Isabel Martinez | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| N/A | N/A |

**Proceedings:     (In Chambers) Order To Show Cause**

On October 20, 2021, Plaintiff Catherine Alcantara, a California state resident proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 (the "Complaint") alleging that Defendant Los Angeles Police Department ("LAPD") had been stalking and harassing her since Spring 2018.  Plaintiff also filed a Request to Proceed Without Prepayment of Filing Fee (the "IFP Request").  [Dkt. Nos. 1, 2.]

After conducting mandatory screening of the Complaint pursuant to 28 U.S.C. § 1915, the Court determined that the claims were not actionable under section 1983 for several reasons.  First, the Complaint failed to comply with Rule 8 of the Federal Rules of Civil Procedure in that the allegations were confusing and the Court could not discern what Plaintiff accuses LAPD officers of specifically doing to violate her rights.  Second, the allegations that were clear described actions taken by individuals who were not working for or with the LAPD.  Thus, the Complaint failed to state a claim against an individual who was acting under color of state law as required for section 1983 suits.  Third, the Complaint failed to sufficiently plead the existence of a policy, practice, or custom such that the LAPD could be held liable pursuant to *Monell v. Dep of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:21-cv-08310-JFW-PD                                    Date: February 4, 2022

Title    *Catherine Alcantara v. Los Angeles Police Department*

     For these reasons, on November 16, 2021, the Court dismissed the Complaint with leave to amend.  The Court also found that Plaintiff did not fully complete the IFP Request and informed her that if she wished to proceed without pre-paying the filing fees, she would need to re-submit another request.  The Order gave Plaintiff until December 16, 2021, to file both documents and informed Plaintiff that failure to do so could result in dismissal of the case.  [Dkt. No. 5.]

     On December 17, 2021, the Court issued the Order to Show Cause after it did not receive any response from Plaintiff.  It ordered Plaintiff to either file: (1) a request setting forth good cause for an extension of time; or (2) an amended complaint and new IFP Request.  The Court warned Plaintiff that failure to comply with the Order to Show Cause by January 14, 2022, may result in dismissal.  [Dkt. No. 6.]

     On January 26, 2022, Plaintiff filed a document that repeats allegations in the Complaint, which are confusing, and fails to state which constitutional rights were violated. [Dkt. No. 7.] The document also appears to call for criminal prosecution of LAPD officers [*id*.], which cannot be done via a civil rights complaint.  Because the filing is not labeled as an amended complaint and does not follow the specific requirements for an amended complain set forth in the November 16, 2021 order [Dkt. No. 5 at pages 8-9], the Court does not construe this document [Dkt. No. 7] as an amended complaint.

     On January 27, 2022, Plaintiff filed an incomplete Certification and Notice of Interested Parties form (CV-30) which did not list any parties as required by the form.  [Dkt. No. 8.]  To date, Plaintiff has not filed a completed IFP Request or paid the filing fees.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:21-cv-08310-JFW-PD                              Date: February 4, 2022

Title     *Catherine Alcantara v. Los Angeles Police Department*

    In the interest of justice, the Court grants Plaintiff another opportunity to respond to the Order to Show Cause. To comply, Plaintiff must file no later than **March 10, 2022**:

    (1) an amended complaint AND a fully completed IFP Request, if Plaintiff seeks to proceed without prepayment of the filing fee; or

    (2) a request setting forth good cause for an extension of time to March 10, 2022, and a declaration signed under penalty of perjury, explaining why she failed to comply with the Court's November 16, 2021 Order.

    Plaintiff is advised that a First Amended Complaint entirely replaces the Complaint in this action. Any amended complaint must:

    (a)    be labeled "First Amended Complaint";
    (b)    be complete in and of itself and not refer in any manner to prior complaints, i.e., it must include all of the claims on which Plaintiff seeks to proceed, (see Local Rule 15-2);
    (c)    contain a "short plain" statement of the claim(s) for relief, see Fed. R.Civ. P. 8(a) and identify whether Plaintiff is suing Defendants in their individual or official capacity;
    (d)    make each allegation "simple, concise and direct," Fed. R. Civ. P. 8(d)(1);
    (e) make allegations in numbered paragraphs, "each limited as far as practicable to a single set of circumstances," Fed. R. Civ. P. 10(b);
    (f) set forth clearly the sequence of events (including specific relevant dates) which allegedly gives rise to the claim(s) for relief, including what each defendant did and how each specific defendant's conduct injured plaintiff; and
    (g) not add defendants or claims without leave of court.

    Plaintiff is again reminded that she must pay the filing fee or file a fully completed IFP Request with her amended complaint in order to proceed.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:21-cv-08310-JFW-PD                                               Date: February 4, 2022

Title      *Catherine Alcantara v. Los Angeles Police Department*

    Alternatively, if Plaintiff does not wish to pursue this action at all, she may file a signed document entitled "Notice of Voluntary Dismissal" pursuant to Rule 41(a)(1)(A).

    The Clerk is directed to provide a blank IFP Request, Civil Rights Complaint, and Notice of Voluntary Dismissal to Plaintiff in order to facilitate a responsive filing.

    **Failure to comply with this Order may result in the dismissal of this case pursuant to Fed. R. Civ. P. 41(b) and Local Rule 41-1.**

**IT IS SO ORDERED**.

**Attachments:**
-- Request to Proceed In Forma Pauperis with Declaration in Support (CV-60)
-- Central District of California Civil Rights Complaint Form, CV-66
-- Notice of Voluntary Dismissal (CV-09)

                                                                                                                        :

                                                                              Initials of Preparer    im