1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

CATHERINE ALCANTARA,

Plaintiff,

v.

LOS ANGELES POLICE DEPARTMENT,

Defendant.

Case No. 2:21-cv-08310-JFW-PD

**ORDER DISMISSING ACTION FOR FAILURE TO PROSECUTE**

## I.      Pertinent Procedural History and Plaintiff's Claims

On October 20, 2021, Plaintiff Catherine Alcantara, a California resident proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 (the "Complaint") alleging that Defendant Los Angeles Police Department ("LAPD") had been stalking and harassing her since Spring 2018. Plaintiff also filed a Request to Proceed Without Prepayment of Filing Fee ("IFP Request").  [Dkt. Nos. 1, 2.]

On November 16, 2021, the Court dismissed the Complaint with leave to amend after screening it pursuant to 28 U.S.C. § 1915 and finding that none of its claims was actionable under section 1983.  The Court also found that Plaintiff did not fully complete the IFP Request and denied it with leave

to amend.  The Court's Order informed Plaintiff that if she wished to proceed without pre-paying the filing fees, she had to submit another request.  The Order granted Plaintiff until December 15, 2021, to file an amended complaint and a fully completed IFP Request.  [Dkt. No. 5.]

On December 17, 2021, the Court issued an Order to Show Cause (the "First OSC") after Plaintiff failed to file an amended complaint and IFP Request.  The First OSC ordered Plaintiff to file either: (1) a request setting forth good cause for an extension of time; or (2) an amended complaint and a new, fully completed IFP Request.  The First OSC warned Plaintiff that failure to comply by January 14, 2022, may result in dismissal for failure to prosecute.  [Dkt. No. 6.]

On January 26, 2022, Plaintiff filed a document that re-stated the allegations of the Complaint but failed to indicate which of her constitutional rights were allegedly violated.  [Dkt. No. 7.]  Further, the document requested criminal prosecution of LAPD officers, which may not be done through a civil rights complaint.  [Id.]  Plaintiff also filed a signed Certificate of Interested Parties (CV-30) but failed to list any parties.  [Dkt. No. 8.]  The Court did not accept the document containing the re-stated allegations as the First Amended Complaint because the document did not comply with the requirements set forth in the November 16, 2021 Order or the First OSC.

On February 4, 2022, the Court issued the Second OSC, which granted Plaintiff another opportunity to comply with the First OSC and restated the requirements that Plaintiff must follow to file an amended complaint and an IFP request.  The Second OSC ordered Plaintiff to file a response by March 10, 2022 and reminded Plaintiff that she must pay the filing fee or file a completed IFP Request in order to proceed with this action.  [Dkt. No. 9.]

Plaintiff failed to file a response to the Second OSC.  On March 24, 2022, the Court issued the Third OSC granting Plaintiff one final

opportunity to file an amended complaint and IFP Request by April 14, 2022.
[Dkt. No. 10.]  The Third OSC warned Plaintiff that her failure to comply with
it would result in a recommendation of dismissal pursuant to Fed. R. Civ. P.
41(b) and Local Rule 41-1.  Plaintiff failed to comply with the Second or Third
OSC and has not otherwise communicated with the Court about her case.
Accordingly, the case is now subject to dismissal for Plaintiff's failure to
prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and
Local Rule 41-1.

**II**.   **Discussion**

Rule 41(b) grants district courts the authority to *sua sponte* dismiss
actions for failure to prosecute.  *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-
30 (1962).  In determining whether dismissal for lack of prosecution is
warranted, a court must weigh several factors, including: (1) the public's
interest in expeditious resolution of litigation; (2) the court's need to manage
its docket; (3) the risk of prejudice to defendants; (4) the availability of less
drastic sanctions; and (5) the public policy favoring the disposition of cases on
their merits.  *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002); *Ferdik
v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992).  Dismissal is appropriate
under the foregoing analysis "where at least four factors support dismissal ...
or where at least three factors 'strongly' support dismissal."  *Hernandez v.
City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998) (citations omitted).

In this case, the first two factors – public interest in expeditious
resolution of litigation and the need to manage the Court's docket – weigh in
favor of dismissal.  Plaintiff has not filed an amended complaint or a fully
completed IFP Request.  Plaintiff's failure to file an amended complaint and
IFP Request or show good cause for her delay prevents the Court from moving

3

this case toward disposition and shows that Plaintiff does not intend to litigate this action diligently.

Arguably, the third factor – prejudice to Defendant – does not counsel in favor of dismissal because Defendant has not been served and may otherwise be unaware that a case has been filed.  However, the Ninth Circuit has held that prejudice may be presumed from unreasonable delay.  *See In re Eisen*, 31 F.3d 1447, 1452-53 (9th Cir. 1994); *Moore v. Teflon Commc'ns. Corp.*, 589 F.2d 959, 967-68 (9th Cir. 1978).  Plaintiff's inaction in this matter is an unreasonable delay.  In the absence of any explanation, non-frivolous or otherwise, for Plaintiff's delay, the Court presumes prejudice.  *See Laurino v. Syringa Gen. Hosp.*, 279 F.3d 750, 753 (9th Cir. 2002) (presumption of prejudice can be rebutted by a non-frivolous explanation); *Pagtalunan*, 291 F.3d at 642 (citing *Yourish v. California Amplifier*, 191 F.3d 983, 991 (9th Cir. 1999)).

The fourth factor – the availability of less drastic sanctions – ordinarily counsels against dismissal.  However, the Court attempted to avoid outright dismissal by giving Plaintiff ample time and several opportunities to communicate with the Court and file an amended complaint and IFP Request.  Plaintiff was also expressly warned that failure to comply with the Court's orders could result in dismissal.  [*See* Dkt. Nos. 6, 9-10.]  Thus, the Court explored the only meaningful alternatives to dismissal in its arsenal and found that they were not effective.  *See Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) ("The district court need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives.") (citation omitted).

The fifth factor – the general policy favoring resolution on the merits – ordinarily weighs against dismissal.  *Pagtalunan*, 291 F.3d at 643.  It is, however, the responsibility of the moving party to move the case toward

disposition on the merits at a reasonable pace and to refrain from dilatory and evasive tactics. *Morris v. Morgan Stanley & Co.,* 942 F.2d 648, 652 (9th Cir. 1991). Because Plaintiff has failed to participate in her own lawsuit, it does not appear that retention of this case would increase the likelihood of the matter being resolved on its merits. This factor does not weigh in favor of or against dismissal.

In sum, four of the five factors support dismissal, and the Court concludes that dismissal for failure to prosecute is warranted. This matter is hereby dismissed for failure to prosecute.

**IT IS SO ORDERED.**

Dated: May 10, 2022

_____
Honorable John F. Walter
United States District Judge

Presented by:

_____
Honorable Patricia Donahue
United States Magistrate Judge